THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:22-CV-204

| ROSALIND MCCLELLAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| HOUSING AUTHORITY OF THE COUNTY OF WAKE, NORTH CAROLINA, | ) | Local Civ. R. 7.2 Fed. R. Civ. P. 12(b)(6) |
| Defendant. | ) | |

NOW COMES Defendant, Housing Authority of the County of Wake, North Carolina ("HACW"), by and through counsel, and submits this Memorandum of Law in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and LR 7.2.

## PROCEDURAL HISTORY AND STATEMENT OF CASE

The HACW is a municipal corporation organized under North Carolina law to provide sanitary and low-cost public housing to low-income tenants in Wake County, North Carolina. [DE-7, ¶ 3] The HACW employed Plaintiff beginning in 2011. [DE-7, ¶ 9]

On June 12, 2020, HACW notified Plaintiff of her separation from the HACW effective June 30, 2020. [DE-7, ¶46] The HACW terminated Plaintiff "[i]n accordance with Section 3 of the HACW Personnel Policy manual (Page 6 – Employment at Will)." [DE-7, ¶47] On May 4, 2021, the U.S. Equal Employment

1

Opportunity Commission ("EEOC") received Plaintiff's Charge of Discrimination alleging discrimination based on disability and retaliation. [DE-7, ¶¶ 6, 49]; *see also attached* **Exhibit A** to Motion to Dismiss.[1] On February 27, 2022, the EEOC issued Plaintiff a Determination and Notice of Rights ("Notice of Rights") informing her the EEOC will not proceed further with its investigation. [DE-7, ¶¶ 6, 49]; *see also attached* **Exhibit B** to Motion to Dismiss.[2]

On May 20, 2022, Plaintiff filed her Complaint against the HACW in the United States District Court for the Eastern District of North Carolina, Western Division. The Complaint alleges violation of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12112, § 12203, *et. seq.*, and the Family Medical Leave Act ("FMLA") (29 U.S.C. § 2601, *et. seq.*). [DE-1, ¶ 1]. On June 16, 2022, the HACW filed the Wavier of the Service of Summons. [DE-8]. On August 15, 2022, the HACW timely filed its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [DE-12]

## STANDARD OF REVIEW

"In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient." Fed. R. Civ. P. 12(b)(6); *Diop v. BMW of North America, LLC*, 511 F.Supp.3d679,

---

[1] Documents which are referenced in the complaint may be considered when ruling on a Rule 12(b)(6). *Solum v. Certainteed Corp.*, 147 F. Supp. 3d 404, 409 (E.D.N.C. 2015); see also *Oberlin Cap., L.P. v. Slavin*, 147 N.C. App. 52, 60, 554 S.E.2d 840, 847 (2001).

[2] *Id.*

683 (2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "When it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss." *Miller v. Pac. Shore Funding,* 224 F.Supp.2d 977, 985 (D.Md.2002)

When a document attached to a defendant's motion to dismiss meets the "integral to" and unchallenged authenticity standard, "the district court properly treat[s] [the document] as if it had been attached to the complaint" in considering a Rule 12(b)(6) motion. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

## ARGUMENTS

### I. PLAINTIFF'S CHARGE OF DISCRIMINATION TO EEOC WAS UNTIMELY; THUS, PLAINTIFF'S COMPLAINT IS BARRED.

Under Title VII of the Civil Rights Act of 1964 ("Title VII"), "a plaintiff can only seek redress for discriminatory acts that occurred *within 180 days prior to the filing* of the EEOC charge." *Barbier v. Durham Cnty. Bd. Of Educ.,* 225 F.Supp.2d 617, 624 (M.D.N.C. 2002) (emphasis added); *Tinsley v. first Union Nat'l Bank,* 155 F.3d 435, 439 (4th Cir. 1998); *see also* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A). The time to file the Charge of Discrimination begins to run at the time the unlawful act is committed. More specifically, the time for filing a Charge of Discrimination begins to run when the Plaintiff receives the notice of termination, not the date on which her employment ends. *See Chardon v. Fernandez*, 454 U.S. 6,

3

Case 5:22-cv-00204-M    Document 13    Filed 08/15/22    Page 3 of 7

8 (1981) (stating "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful."); *see also Lenhart v. Gen. Elec. Co.*, 140 F. Supp.2d 582, 589 (W.D.N.C. 2001).

In computing the time, "[t]he first day counted shall be the day after the event from which the time period begins to run and the last day of the period shall be included, unless it falls on a Saturday, Sunday or Federal holiday, in which case the period shall be extended to include the next business day." 29 C.F.R. § 1614.604(d). Here, Plaintiff's Charge of Discrimination should have been received by the EEOC on or before December 9, 2020, because the HACW notified Plaintiff of her termination on June 12, 2020. [DE-7, ¶46]. *See Chardon,* 454 U.S. at 6. Once Plaintiff received her notice on June 12, 2020, she had 180 days to file her Charge of Discrimination with the EEOC, which was December 9, 2020. *See* 29 U.S.C. § 626(d)(1)(A). The EEOC did not receive the Charge of Discrimination until May 4, 2021. *See* **Exhibit A** attached to Motion to Dismiss. The EEOC's receipt of Plaintiff's Charge of Discrimination is well outside the allotted time to file an EEOC claim whether received by the EEOC on December 15, 2020, or May 4, 2021. *See Barbier*, 225 F.Supp.2d 617, 624 (M.D.N.C. 2002)

Plaintiff may argue the file date was December 28, 2020, which is 180 days from her effective termination date, and the Charge of Discrimination is timely by signing it on December 15, 2020. However, such an argument would be incorrect as the time to file a Charge for Discrimination began to run on June 12, 2020, when Plaintiff received notice of the termination. As stated above, Plaintiff may only seek

4

redress for the acts occurring 180 days prior to the *filing*. *Barbier*, 225 F.Supp.2d at 624, 29 U.S.C. § 626(d)(1)(A). Therefore, Plaintiff simply signing the Charge of Discrimination does not constitute a filing. Moreover, December 15, 2020 is not the date of filing. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Lenhart v. Gen. Elec. Co.*, 140 F.Supp. 582, 590 (W.D.N.C. 2001). Failure to timely file a Charge of Discrimination can result in dismissal. *Id*. Therefore, Plaintiff's Complaint is time barred and should be dismissed for failure to timely file a Charge of Discrimination with the EEOC.

## II. THE HACW IS A PUBLIC MUNICIPAL CORPORATION UNDER NORTH CAROLINA LAW; THUS, PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES.

Punitive damages is not available to a party against a public housing authority, including the HACW. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748 (1981). "Municipalities are generally immune from punitive damages." *Davis v. Blanchard*, 175 F. Supp. 3d 581, 599 (M.D.N.C. 2016)*; see also City of Newport*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). "Punitive damages are similarly unavailable for ADA violations." *Davis*, 175 F. Supp. 3d 581, 599 (M.D.N.C. 2016). Here, the HACW is a public municipal corporation organized under the laws of the State of North Carolina to provide public housing. [DE-7, ¶ 3]. Therefore, Plaintiff is not entitled to punitive damages against the HACW because the HACW is immune from punitive damages. *See Id.* Thus, Plaintiff's claim for punitive damages should be dismissed. *See Id.*

## CONCLUSION

For the reasons set forth above, this Court should grant the HACW's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

This the 15th day of August, 2022.

Respectfully submitted,

/s/ Jose A. Coker
R. Jonathan Charleston
N.C. Bar State Bar No.: 14389
jcharleston@charlestongroup.com
Jose A. Coker
N.C. State Bar No. 28478
jcoker@charlestongroup.com
Attorneys for Defendant Housing Authority of the County of Wake
The Charleston Group
Post Office Box 1762
Fayetteville, NC 28302-1762
Telephone: (910) 485-2500
Telecopier: (910) 485-2599

## **CERTIFICATE OF COMPLIANCE**

In accordance with Local Rule 7.2(f) and Local Rule 10.1, counsel for Defendant certifies that the foregoing brief, which was prepared using twelve-point Century Schoolbook font, is less than 8,400 words (excluding captions, counsel's signature block, this certificate of compliance, and the certificate service) as reported by Microsoft Word, the program used to prepare the brief.

This the 15th day of August, 2022.

                                        Respectfully submitted,

                                        /s/ Jose A. Coker
                                        R. Jonathan Charleston
                                        N.C. Bar State Bar No.: 14389
                                        jcharleston@charlestongroup.com
                                        Jose A. Coker
                                        N.C. State Bar No. 28478
                                        jcoker@charlestongroup.com
                                        Attorneys for Housing Authority of the County of Wake
                                        The Charleston Group
                                        Post Office Box 1762
                                        Fayetteville, NC 28302-1762
                                        Telephone: (910) 485-2500
                                        Telecopier: (910) 485-2599